# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ROBERT WILLINGHAM, )
)
Plaintiff, )
)
v. ) Case No. 10-2582
)
SHAWNEE POLICE DEPARTMENT, )
)
Defendant. )

# MEMORANDUM AND ORDER

Robert Willingham filed this lawsuit pro se against the Shawnee Police Department. The Shawnee Police Department filed a motion to dismiss (doc. 18), and for the reasons discussed below, that motion is granted.

## 1. Background

Mr. Willingham, acting pro se, completed the standard "civil complaint" form to initiate this lawsuit (doc. 1). Under "Statement of Claim," he wrote "Violation of civil rights Equal rights, Racial Profiling Discrimination, Religion for all" (doc. 1, p. 3), but he provided no factual detail to explain the reason for the lawsuit. The court issued an order to show cause, instructing Mr. Willingham to explain why "this case should not be dismissed for failure to allege sufficient facts to state a claim for relief that is plausible on its face" (doc. 7).

In response, Mr. Willingham submitted an Amended Complaint (doc. 13), listing

under "Statement of Claim" the same topics as on his original form. He added information to the portion of the form about relief and damages requested. Mr. Willingham asserted "Due to mental and distress and violation of constution and civil rights violated. I ask for $250,000/two hundred & fifty thousand dollars. I only think that would be right & just." He also claimed actual and punitive damages, explaining "I feel that the $250,000.00 would only be fair for the damages that have occured."

The Shawnee Police Department filed a motion to dismiss (doc. 18), arguing that Mr. Willingham's complaint fails to state a claim upon which relief can be granted. That motion was filed on January 6, 2001, and Mr. Willingham did not respond to the motion within the 21 days permitted by D. Kan. Rule 6.1(d)(2). On February 2, 2011, this court issued an order to show cause, ordering Mr. Willingham to show good cause by February 14 as to why he failed to respond to the motion. The order also informed Mr. Willingham that if he fails to respond, the court will consider the motion unopposed and rule on it accordingly. Mr. Willingham has failed to respond to the court's order.

**2.    Discussion**

"If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice." D. Kan. Rule 7.4. Given Mr. Willingham's failure to respond, the court considers defendant's motion as uncontested and, accordingly, grants the motion.

In so holding, the court specifically concludes that certain aggravating factors

present in this case outweigh the judicial system's strong predisposition to resolve cases on their merits. *See Murray v. Archambo*, 132 F.3d 609, 611 (10th Cir. 1998) (prior to outright dismissal for failure to comply with local court rules, court must consider the degree of actual prejudice to the defendant, the amount of interference with the judicial process, and the culpability of the litigant).

Specifically, the court notes that Mr. Willingham, as of the date of this order, has still not responded to defendant's motion nor has he contacted the court in any way regarding this case. Mr. Willingham's failure to respond to defendant's motion or to contact the court demonstrates that his culpability is quite high. *Cf. id.* (reversing district court's dismissal on uncontested motion where plaintiff mailed his response more than three days prior to the deadline, demonstrating "little or no culpability on his part in causing the delay"); *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1396 (10th Cir. 1988) (plaintiff herself was not guilty of any dereliction where plaintiff's counsel overlooked motion and therefore failed to respond, resulting in delay of almost two weeks but, once discovered, responded promptly).

Moreover, in such circumstances, denying defendant's motion would prejudice defendant in terms of continued time spent and expenses incurred on a case in which Mr. Willingham has shown no interest even after ample notice from the court. Similarly, denying defendant's motion would interfere with the judicial process in terms of docket management and the need for a finality to litigation. In other words, the court should not have to continue to manage this case on its docket when Mr. Willingham himself has

taken no initiative to keep the case on the court's docket. *Cf. Murray*, 132 F.3d at 611 (reversing district court's dismissal on uncontested motion where plaintiff's response to motion was received one day after the fifteen-day deadline and no prejudice to defendants could have resulted from this delay, nor could it have caused interference with the judicial process); *Hancock*, 857 F.2d at 1396 (where plaintiff's counsel overlooked motion and therefore failed to respond, resulting in delay of almost two weeks but, once discovered, responded promptly, defendant would not have been prejudiced in any legal or equitable sense by court's consideration of response and any inconvenience to the court was not so severe a burden as to justify dismissal).

Finally, the court notes that defendant's motion is meritorious. A Rule 12(b)(6) motion to dismiss will be granted when the factual allegations in the complaint fail to "state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic*, 550 U.S. at 555. Here, Mr. Willingham's complaint fails to offer any facts to support his various constitutional claims. He has neglected to explain, for example, the relationship between the parties and the underlying interactions that prompted this lawsuit. As such, his complaint does not state a plausible claim for relief.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion to dismiss (doc. 18) is **granted**.


**IT IS SO ORDERED** this 17th day of February, 2011.

s/ John W. Lungstrum

John W. Lungstrum
United States District Judge